#24597-stay-PER CURIAM
**2008 SD 93**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

   v.

KRISTOPHER J. MARKS,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE WARREN G. JOHNSON
Judge

* * * *

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General                    Attorneys for plaintiff
Pierre, South Dakota                    and appellee.

G. MATTHEW PIKE
Lawrence County Public
 Defender's Office                    Attorneys for defendant
Deadwood, South Dakota                    and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 25, 2008

OPINION FILED 10/8/08

#24597

PER CURIAM

[¶1.]	Kristopher Marks (Marks) appeals his conviction for possession of more than one pound but less than ten pounds of marijuana.  We stay our consideration of the case and order counsel to file an amended brief in compliance with all of the requirements of State v. Korth, 2002 SD 101, 650 NW2d 528.

[¶2.]	Pursuant to a plea bargain and guilty plea, Marks was convicted of one count of possession of more than one pound of marijuana but less than ten pounds. He was sentenced to eight years in the penitentiary with credit for time served. Marks appealed and his counsel filed a "*Korth* brief" alleging a lack of arguably meritorious issues for appeal.  *Id.*

[¶3.]	Counsel's brief fails to comply with several *Korth* requirements:  it fails to contain a statement of significant motions filed in the case and their disposition or an alternative statement that no motions were filed[1]; it fails to contain a statement that counsel discussed the case with Marks' trial-level counsel and with Marks; and, it fails to include Marks' signature on Section B of the brief.[2]

[¶4.]	We have occasionally forgiven failure to strictly comply with the *Korth* procedure.  However, our further review of *Anders v. State of California*, 386 US 738, 87 SCt 1396, 18 LEd2d 493 (1967), *Smith v. Robbins*, 528 US 259, 120 SCt 746, 145 LEd2d 756 (2000), *State v. Balfour*, 814 P2d 1069 (Or 1991) and *Korth,* persuades us of the necessity for strict compliance with *Korth* to ensure fulfillment of Constitutional standards in those cases where appointed appellate counsel

---

1.	The record reflects that motions were filed in the case.

2.	Instead, counsel attached to the brief a copy of a letter from Marks that outlines the claims of error Marks wished to present in his appeal.

identifies no arguably meritorious issues for appeal. For example, the statement of significant motions and their disposition helps ensure that counsel has conducted a thorough review of the case as the client's advocate in search of arguably meritorious issues for appeal. Obviously, motions and their disposition are a frequent source of potential appellate issues. Counsel's statement that he has discussed the case with trial-level counsel and with the client also helps ensure a thorough review of the case and that counsel has provided the client with appropriate legal advice on issues the client seeks to raise. These were important considerations in the Oregon Supreme Court's development of the *Balfour* procedure on which *Korth* was based. *See Balfour*, 814 P2d at 1080 – 81. This Court has already recognized that the client's signature is an essential part of Section B of a *Korth* brief. State v. Arabie, 2003 SD 57, ¶ 17, 663 NW2d 250, 255-56. The signature verifies that counsel shared the brief with the client, that the client reviewed it and that it adequately presents the client's claims of error and arguments in support of the claims in the manner sought by the client. *Id*.

[¶5.]        In light of the omissions in counsel's *Korth* brief, we stay our further consideration of this case and order counsel for Marks to file an amended *Korth* brief within twenty days of the filing of this decision that includes a statement of significant motions in the case and their disposition, a statement that counsel discussed the case with Marks' trial-level counsel and with Marks, and Marks' signature on Section B of the brief.[3] The record shall be returned to Lawrence

---

3.      In the event Marks' own actions or inactions prevent counsel's compliance with any of these requirements, counsel shall advise the Court of that fact in the amended *Korth* brief.

#24597

County to assist counsel in carrying out this order.  Upon the filing of the amended *Korth* brief and resubmission of the record, this Court will proceed with its consideration of this appeal.

[¶6.]      GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.